# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| EMPLOYEES RETIREMENT SYSTEM OF THE CITY OF ST. LOUIS, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES E. JONES, *et al.*, <br><br> Defendants, <br><br> and <br><br> FIRSTENERGY CORP., <br><br> Nominal Defendant. | Case No. 2:20-cv-04813-ALM-KAJ <br><br> Chief Judge Algenon L. Marbley <br><br> Magistrate Judge Kimberly A. Jolson |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION
TO STAY PROCEEDINGS PENDING A DECISION ON
THE PENDING MOTION TO DISMISS IN THE FIRST-FILED, PROCEDURALLY
ADVANCED DERIVATIVE ACTION IN THE NORTHERN DISTRICT OF OHIO**

Plaintiffs' opposition asks the Court to: (1) ignore the first-to-file rule and instead create a new "first-related-case-to-file" rule, for which they offer no legal authority; (2) ignore the procedurally advanced stage of *Miller* in favor of Plaintiffs' apparent judge-shopping; and (3) waste judicial and party resources and trample the principle of comity among district judges in this Circuit.[1]

Defendants' motion, by contrast, simply seeks a temporary stay of proceedings called for under the straightforward first-to-file rule. The plaintiff in *Miller* filed suit weeks before any

---

[1] "*Miller*" refers to the first-filed shareholder derivative action captioned *Miller v. Anderson, et al.*, No. 5:20-cv-01743-JRA, which is pending in the Northern District of Ohio.

All terms not defined have the meanings ascribed to them in Defendants' opening brief in support of their motion to stay ("Mot. to Stay"). (Doc. #48-1.) Plaintiffs' opposition (Doc. #53) is cited as "Opp'n."

derivative plaintiff filed a complaint in this District. *Miller* is more procedurally advanced than the case here. In *Miller*, a motion to dismiss is fully briefed and awaiting decision; here, Plaintiffs have not yet filed a consolidated complaint. A stay of proceedings until the *Miller* court decides the motion to dismiss would avoid wasting judicial and party resources and streamline common issues. At the same time, a stay would present no prejudice to the only interests that matter here—those of FirstEnergy, on behalf of whom all the derivative plaintiffs are suing.

Following the first-to-file rule would uphold comity among judges in this Circuit, avoid the appearance (or actuality) of judge- or forum-shopping by Plaintiffs, and avoid the unnecessary expenditure of judicial resources. The motion to stay should be granted.

## ARGUMENT

**I.     THE FIRST-TO-FILE RULE SUPPORTS A STAY.**

The first-to-file rule "exists to promote principles of comity and judicial economy" among federal courts of equal rank, as Plaintiffs concede. (Opp'n at 8 (quoting *Buffalo Wild Wings, Inc. v. BW Rings, LLC*, 2010 WL 4919759, at *1 (S.D. Ohio Nov. 29, 2010).) That principle is about as old as the federal judiciary itself. *See Smith v. McIver*, 22 U.S. 532, 535 (1824) (Marshall, C.J.) ("In all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it."). Plaintiffs do not dispute that "deviations from the rule should be the exception, rather than the norm," and thus courts should depart from the first-to-file rule only "rarely." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 792-93 (6th Cir. 2016).

Nevertheless, Plaintiffs still seek to deviate from the rule, upset comity, and waste judicial resources by opposing the stay sought here. They offer no good reason to do so.

*First*, the Court should decline Plaintiffs' request to create a new "first-related-case-to-file" rule. (Opp'n at 7-8.) That request is born of a need to modify straightforward application of the first-to-file rule, as Plaintiffs do not dispute that "(1) the chronology of the actions; (2) the parties involved; and (3) the similarity of the issues in each case" all weigh in favor of applying the rule here. *See Buffalo Wild Wings*, 2010 WL 4919759, at *1.

Plaintiffs are wrong to suggest, without any supporting authority, that the *Owens* securities case triggered the first-to-file rule with respect to the derivative cases. (Opp'n at 2, 7.) The first-to-file rule applies only where there is a close overlap of issues and parties. *See Baatz*, 814 F.3d at 789 (first-to-file rule applies to "actions involving nearly identical parties and issues [that] have been filed in two different district courts"); *Honaker v. Wright Bros. Pizza, Inc.*, 2019 WL 4316797, at *3-4 (S.D. Ohio Sept. 11, 2019) (Marbley, C.J.) (declining to apply first-to-file rule where parties and issues lacked "substantial overlap"); *Allegheny Cty. Emps.' Ret. Sys. v. Energy Transfer, LP*, 2020 WL 1888950, at *4 (E.D. Pa. Apr. 16, 2020) (first-to-file rule did not apply to later-filed derivative suit vis-à-vis earlier-filed securities suits because "the parties involved in the cases are different" and "the claims are distinct in nature"). For purposes of the first-to-file rule, the *Owens* securities case and this derivative case are nowhere close to being the same case: none of the claims in this case are being asserted in the securities case; none of the claims in the securities case are being asserted here; the securities case is against FirstEnergy while this case is filed on behalf of FirstEnergy; this case is predominantly controlled by state law while the securities case is exclusively controlled by federal law; and 19 of the 22 defendants here are not parties to the securities case.

Plaintiffs offer no support for the legally erroneous argument that the *Owens* securities case should be deemed the first-filed case instead of the *Miller* derivative case. *Bui v. Armes*

does not even mention or apply the first-to-file rule, far less anything like the "first-related-case-to-file" rule that Plaintiffs fashion here. 2014 WL 4983670, at *5 (N.D. Ohio Oct. 6, 2014) (deciding § 1404 motion to transfer) (cited at Opp'n at 8). Likewise, *Hefler v. Wells Fargo & Co.* shows nothing more than that the facts alleged in derivative actions can touch upon the facts alleged in a securities case. 2018 WL 1070116, at *1 (N.D. Cal. Feb 27, 2018) (cited at Opp'n at 8). *Hefler* did not involve any of the issues here—the first-to-file rule, the considerations in favor of a stay, or avoidance of judge- or forum-shopping by plaintiffs—and says nothing about a "first-related-case-to-file" rule. Neither case justifies abandoning the first-to-file rule in favor of creation of a new "first-related-case-to-file" rule.

***Second***, contrary to Plaintiffs' mischaracterization, "all" derivative plaintiffs have not agreed to proceed in one forum in any meaningful way. (Opp'n at 9.) In the months since plaintiff Miller filed her lawsuit in the Northern District (a sensible choice, as FirstEnergy is headquartered there), she has never moved to transfer her case to this Court. Plaintiffs tout the fact that they secured a "non-opposition" from Miller to their motion to transfer *Miller* here. Plaintiffs fails to mention, however, that Miller has continued prosecuting her case in the Northern District. She opposed a motion from a proposed intervenor on the basis that it would "cause unnecessary duplication and delay." (*Miller*, Doc. #38 at 5.) She filed an amended complaint, and she has opposed Defendants' motion to dismiss. (*Miller*, Docs. #31, 50.) Nor does Miller agree with Plaintiffs' assertions (Opp'n at 10, 12) that her complaint is "barebones" and "inferior" (*see Miller*, Doc. #38 at 7-8).[2] Plaintiffs' reliance on *Irving Firemen's Relief & Ret. Fund v. Page*, 2019 WL 2743702 (Del. Ch. Jul. 1, 2019), is misplaced. That decision

---

[2] Plaintiffs criticize Miller's *initial* complaint as "barebones – just 31 pages long." (Opp'n at 10.) However, the operative complaint in *Miller*, the amended complaint, is 48 pages long and contains numerous allegations not present in the initial complaint. (*See Miller* Doc. #31.)

applied Delaware law governing stays, not the federal first-to-file rule, and declined to stay litigation only because, in the earlier-filed California case, "a consolidated complaint [was] yet to be crafted" and "Delaware . . . ha[d] a strong interest" in the litigation because it concerned a Delaware company and Delaware law. *Id.* at *2. Here, similar considerations weigh in favor of a stay: It is Plaintiffs who have yet to craft a consolidated complaint, whereas the operative complaint in *Miller* was filed two months ago and has already been the subject of considerable briefing.

Even if "all" of the derivative plaintiffs did prefer to proceed before one judge rather than another, that would be no reason to jettison the first-to-file rule. The Sixth Circuit has commanded courts to apply the rule so as to discourage forum- and judge-shopping. *Baatz*, 814 F.3d at 792. And "[c]ourt[s] recognize[] that a plaintiff's motion to transfer raises concerns about forum shopping, judge shopping, and harassment of defendants." *Huggins v. Stryker Corp.*, 932 F. Supp. 2d 972, 982 (D. Minn. 2013). *See also Bobosky v. Adidas AG*, 2010 WL 4853295, at *6 (D. Or. Oct. 8, 2010) (denying a plaintiff's motion to transfer; "a motion to transfer venue could become an unchecked tool for the plaintiff to shop among forums and between judges").

Likewise, the fact that other plaintiffs' lawyers elected to file later derivative suits in this District—<u>after</u> the lineup of presiding judges became known—is irrelevant. Plaintiffs cite no rule or case that suggests that the total volume of filings affects the application of the first-to-file rule. If it were otherwise, the plaintiffs' bar could evade the first-to-file rule (and plaintiffs could shop for a favored judge or forum) simply by piling into another court with multiple lawsuits after the first-filed case was assigned to a specific judge whom they disfavored. That is precisely what happened here.

Furthermore, the fact that venue may be proper in this District, as it is in the Northern District, is no reason for a court to be less vigilant against forum- or judge-shopping (*see* Opp'n at 9).  As the Supreme Court has made clear, courts "should not create or multiply opportunities for forum shopping."  *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990).  *See also Reiser v. RTI Int'l Metals, Inc.*, 2009 WL 1097250, at *1-2 (S.D. Ohio Apr. 22, 2009) (explaining that under § 1404, "where a plaintiff engages in forum-shopping," "'no deference to the plaintiff's choice of forum is warranted'" and holding plaintiffs to their "original choice of forum" in "the Northern District of Ohio"); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.-UAW v. Dana Corp.*, 1999 WL 33237054, at *4 (N.D. Ohio Dec. 6, 1999) ("Forum shopping … occurs when a party, perceiving that it may find itself forced into a disadvantageous forum, seeks to manipulate procedural devices to secure an advantage which, were those devices not available, it could not employ to defeat its opponent's choice of forum.").

***Third***, Plaintiffs have it backwards:  they, not Defendants, are the ones who appear to be engaging in gamesmanship.  Cases "are assigned by random draw to prevent parties from 'judge shopping' for a judicial officer or forum which they believe will be more favorable."  *Invacare Corp. v. Respironics, Inc.*, 2005 WL 3763318, at *4 (N.D. Ohio Apr. 25, 2005).  *See also* General Order No. COL: 14-01 at 1 (providing for assignment of every civil action to a district court judge and a magistrate judge and for all "such assignments [to] be made randomly").  A month after *Miller* was filed and immediately assigned to Judge Adams, Plaintiffs surveyed the landscape and decided to sue in this District, but only after the first derivative suit filed in this district (*Bloom*) had been transferred from Judge Morrison to Chief Judge Marbley.  (*See Bloom, et al. v. Anderson, et al.*, No. 2:20-cv-04534, Doc. # 19 (Sept. 8, 2020).)  Plaintiffs then moved to intervene in *Miller*—***not*** for the purpose of prosecuting that case in the Northern District—but

only for the purpose of transferring *Miller* to this Court.  (Indeed, they asked for the case to be transferred to Chief Judge Marbley by name:  "*Miller* should be litigated before Chief Judge Marbley."  (*Miller*, Doc. #17-1 at 9.))  That sequence of events suggests that Plaintiffs are trying to avoid Judge Adams' courtroom.

Equitable considerations underscore the need to apply the first-to-file rule here, not to dispense with it.  To the extent Plaintiffs believe they could secure some litigation advantage by proceeding in this Court, courts do not tolerate such maneuvers.  *See, e.g.*, *Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 223 (S.D.N.Y. 1999) (applying first-filed rule where plaintiff's "behavior here smacks of forum shopping" by seeking to proceed "in another forum which it believes may offer greater relief on the same claim"); *Extreme Techs., LLC v. Stabil Drill Specialties, L.L.C.*, 2019 WL 2353168, at *3 (W.D. La. May 30, 2019) (finding that a plaintiff who re-filed a complaint on the same day it voluntarily dismissed a complaint filed elsewhere after a judge was assigned was engaging in "blatant attempts at 'judge shopping'").

The other cases cited by Plaintiffs do them no good.  Both *NanoLogix, Inc. v. Novak*, 2013 WL 6443376 (N.D. Ohio Dec. 9, 2013), and *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007), involved anticipatory declaratory judgment actions, and relied on the well-established exception that the first-to-file rule "gives way in the context of a coercive action filed subsequent to a declaratory judgment" action.  *Certified Restoration Dry Cleaning Network*, 511 F.3d at 551; *see also NanoLogix*, 2013 WL 6443376, at *2.  And in *NanoLogix*, both complaints were "subjects of motions to dismiss," which had "been pending for multiple months," and jurisdiction over a necessary party in the earlier-filed case was disputed.  2013 WL 6443376, at *4.

Plaintiffs criticize Defendants for having been sued in two different Districts, as if that were a circumstance of "their own creation." (Opp'n at 6.) Plaintiffs repeatedly claim, without a shred of legal support, that Defendants should be faulted for not moving to transfer this case to the Northern District. But staying this case in favor of *Miller* is a sensible approach that honors the first-to-file rule, eliminates the appearance (or reality) of judge- or forum-shopping by Plaintiffs, and avoids the unnecessary expenditure of judicial resources.[3]

## II. ALL OTHER FACTORS JUSTIFY A STAY OF PROCEEDINGS.

Even apart from the first-to-file rule, the Court should stay proceedings pending resolution of the motion to dismiss in *Miller* in the exercise of its inherent authority. Of the factors this Court considers in determining whether to grant a stay, Plaintiffs do not dispute, and therefore concede, that "whether [the] burden of litigation will be reduced for both the parties and the court" weighs in favor of a stay. *See Ohio Willow Wood Co. v. Alps S., LLC*, 2014 WL 1872375, at *1 (S.D. Ohio May 8, 2014).

As to the other factors—"(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be 'unduly prejudice[d] or tactically disadvantage[d]'; (4) whether a stay will simplify the issues; and (5) whether [the] burden of litigation will be reduced for both the parties and the court"—those, too, weight in favor of a temporary stay. *See id.* (alterations in original).

***Need for a stay to avoid duplicative litigation.*** Plaintiffs argue that there is no need to stay proceedings because *Miller* is "about to be transferred to this Court." (Opp'n at 11.) But if Judge Adams indeed does grant Plaintiffs' intervention/transfer motion, then this Court can lift

---

[3] Nor did Defendants hide this possibility. (*E.g.*, *Miller*, Doc. #20 at 6 ("There is, for example, no reason why the later-filed shareholder derivative actions that procedurally lag behind this action should not be stayed in favor of this case."); *id.* at 12 ("Or, as noted above, the derivative actions that procedurally lag this action could be stayed in favor of proceeding with the first-filed case here.").)

-8-

the stay at that time. In the meantime, there is a need for a stay here to avoid duplication of work by the Court and the parties. Plaintiffs' suggestion that the Court should pre-empt the *Miller* court's ruling on the motion to intervene and transfer is inapt.

It also is inconsistent with principles of comity. Comity counsels courts in later-filed actions to refrain from usurping the decision on the propriety of the first-filed suit from the district court presiding over that suit. *See, e.g.*, *Abbott Labs. Inc. v. Mead Johnson & Co.*, 1998 WL 416758, at *6 (S.D. Ohio Apr. 21, 1998) (courts "may not, consistent with notions of comity and conservation of judicial resources, commandeer the authority of the first-filed court's role" in "determin[ing] whether the first-filed case should proceed"); *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 731 (5th Cir. 1985) (vacating injunction for "intrud[ing] upon the [earlier-filed] court's decisional authority as to whether or not to grant injunctive or other relief" and remanding for entry of stay, transfer, or dismissal).

***Advanced procedural development of first-filed case***. Plaintiffs assert that Defendants are "incorrect" that the "stage of litigation" factor weighs in favor of a stay. (Opp'n at 11.) But Plaintiffs offer no argument to support that assertion. Nor could they. *Miller* indisputably has progressed to the point where Judge Adams is poised to decide the Defendants' motion to dismiss, whereas Plaintiffs here have not even filed a consolidated complaint.

***Minimal risk of prejudice from stay***. Plaintiffs do not challenge (and therefore concede) that the risk of prejudice from a limited stay of proceedings is most appropriately measured with respect to the Company's interests, given that the claims belong to the Company and any recovery will go to the Company. (*See* Mot. to Stay at 7-8.) Nor do Plaintiffs dispute that, as appropriately viewed from the Company's perspective, the risk of prejudice is minimal.

Instead, Plaintiffs argue that a stay motion would prejudice *them*. (Opp'n at 11 ("there is no question that Co-Lead Plaintiffs would be prejudiced by a stay").) They argue the Court should deny Defendants' motion to stay, not due to any risk of prejudice to the Company or its interests, but instead because Plaintiffs fear that, if this Court stays proceedings, it could somehow "tip the scales" against Plaintiffs on their intervention/transfer motion before Judge Adams. (*Id.*) But the weakness of Plaintiffs' arguments on the intervention/transfer motion—in which they resist application of the first-to-file rule, as here—is no reason to deny this motion. Plaintiffs offer no support for the proposition that speculation about how another judge may rule should factor in this Court's decision on this motion.

***Limited stay of proceedings will simplify issues.*** The resolution of the motion to dismiss in *Miller* will simplify the issues here because *Miller* will answer the question of demand futility, the threshold question for all of these derivative suits. *See In re Ferro Corp. Deriv. Litig.*, 511 F.3d 611, 617 (6th Cir. 2008) (explaining that compliance with Rule 23.1 is necessary for standing to assert a derivative claim).

Contrary to Plaintiffs' assertion, whether the FirstEnergy board is capable of considering a pre-suit demand on potential legal claims relating to HB 6 is not a shareholder-by-shareholder inquiry. The FirstEnergy board either is or is not disinterested and independent—the answer is the same as to all shareholders. The fact that Plaintiffs sought to consolidate all of the derivative actions in this District on the basis that they present common questions of law and fact bears that out. Indeed, in their motion to consolidate, they told the Court that "each individual [derivative] case will involve essentially the same motion practice." (Doc. #24 at 10.)

Plaintiffs are wrong in asking the Court to deny the motion to stay based on speculation about what Judge Adams may or may not do or to prematurely consider the preclusive effect of

not-yet-rendered decisions.  The Court should not decide this motion based on hypotheticals.  Plaintiffs also are wrong in suggesting that the demand-futility question is one that shareholders could litigate ad infinitum.  Courts disagree.  For example, in *Asbestos Workers Local 42 Pension Fund v. Bammann*, a derivative plaintiff argued that its case was "pleaded more compellingly" than another plaintiff whose complaint had failed to establish demand futility.  2015 WL 2455469, at *18 (Del. Ch. May 21, 2015), *aff'd*, 132 A.3d 749 (Del. 2016).  The court rejected that argument: "If that were the case, collateral estoppel would never apply and the plaintiff could litigate serially by endlessly alleging more factual support for the proposition he chooses to advance—this is clearly contrary to the efficiency and fairness principles underlying collateral estoppel."  *Id.*  Accordingly, the Court of Chancery found that collateral estoppel barred relitigation of the issue of demand futility, and dismissed the complaint.  *Id.* at *20.

## CONCLUSION

The Court should grant Defendants' motion to stay proceedings in the above-captioned cases pending resolution of the motion to dismiss in *Miller*.

Dated:  December 11, 2020

Respectfully submitted,

s/ Geoffrey J. Ritts
Geoffrey J. Ritts, Trial Attorney (0062603)
Robert S. Faxon (0059678)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Email:  gjritts@jonesday.com
Email:  rfaxon@jonesday.com

Marjorie P. Duffy (0083452)
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, OH  43215-2673
Telephone:  (614) 469-3939
Facsimile:  (614) 461-4198
Email:  mpduffy@jonesday.com

*Attorneys for Defendants Michael J. Anderson, Steven J. Demetriou, Julia L. Johnson, Donald T. Misheff, Thomas N. Mitchell, James F. O'Neil III, Christopher D. Pappas, Sandra Pianalto, Luis A. Reyes, Leslie M. Turner, Steven E. Strah, Robert P. Reffner, James F. Pearson, K. Jon Taylor, Paul Addison, Jerry Sue Thornton, William Cottle, George M. Smart, and Ebony Yeboah-Amankwah and Nominal Defendant FirstEnergy Corp.*

| | |
|---|---|
| Dated:  December 11, 2020 | s/ Daniel R. Warren (with permission)<br>Daniel R. Warren (0054595)<br>Carole S. Rendon (0070345)<br>Douglas Shively (0094065)<br>BAKER & HOSTETLER LLP<br>Key Tower<br>127 Public Square, Suite 2000<br>Cleveland, OH  44114-1214<br>Telephone:  (216) 621-0200<br>Facsimile:  (216) 696-0740<br>E-mail:  dwarren@bakerlaw.com<br>E-mail:  crendon@bakerlaw.com<br>E-mail:  dshively@bakerlaw.com<br><br>*Attorneys for Defendant Charles E. Jones* |
| Dated:  December 11, 2020 | s/ John A. Favret (with permission)<br>John F. McCaffrey (0039486)<br>John A. Favret (0080427)<br>TUCKER ELLIS LLP<br>950 Main Avenue, Suite 1100<br>Cleveland, OH  44113<br>Telephone:  (216) 592-5000<br>Facsimile:  (216) 592-5009<br>Email:  john.mccaffrey@tuckerellis.com<br>Email:  john.favret@tuckerellis.com<br><br>*Attorneys for Defendant Michael J. Dowling* |
| Dated:  December 11, 2020 | s/ Ralph E. Cascarilla (with permission)<br>Ralph E. Cascarilla (0013526)<br>Darrell A. Clay (006759)<br>WALTER \| HAVERFIELD LLP<br>1301 E. Ninth Street, Suite 3500<br>Cleveland, OH  44114<br>Telephone:  (216) 781-1212<br>Facsimile:  (216) 575-0911<br>Email:  rcascarilla@walterhav.com<br>Email:  dclay@walterhav.com<br><br>*Attorneys for Defendant Justin T. Biltz* |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

s/ Geoffrey J. Ritts
Geoffrey J. Ritts (0062603)

*One of the Attorneys for Defendants
Michael J. Anderson, Steven J. Demetriou,
Julia L. Johnson, Donald T. Misheff,
Thomas N. Mitchell, James F. O'Neil III,
Christopher D. Pappas, Sandra Pianalto,
Luis A. Reyes, Leslie M. Turner, Steven E.
Strah, Robert P. Reffner, James F. Pearson,
K. Jon Taylor, Paul Addison, Jerry Sue
Thornton, William Cottle, George M. Smart,
and Ebony Yeboah-Amankwah and
Nominal Defendant FirstEnergy Corp.*
