# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF OHIO

_____

| | |
|---|---|
| EMPLOYEES RET. SYSTEM OF THE CITY OF ST. LOUIS, *et. al.*, | ) CASE NO. 2:20-cv-04813 ) ) Chief Judge Algenon L. ) Marbley |
| *Plaintiffs*, | ) ) |
| v. | ) Magistrate Judge Kimberly ) A. Jolson ) |
| CHARLES E. JONES, *et. al.*, | ) ) |
| *Defendants*, | ) ) |
| and | ) ) |
| FIRSTENERGY CORP., | ) ) |
| *Nominal Defendant.* | ) ) ) |

_____

## DECLARATION OF MARY M. SWANN PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF THE MOTION TO STAY OF THE SPECIAL LITIGATION COMMITTEE OF THE BOARD OF DIRECTORS OF NOMINAL DEFENDANT FIRSTENERGY CORP.

I, Mary M. Swann declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am over the age of eighteen years old and am competent to testify as to the matters contained herein.

2. I am the Corporate Secretary for FirstEnergy Corp. ("FirstEnergy"), the nominal defendant in the within action. In that capacity, I am responsible for maintaining records from the meetings of the Board of Directors ("Board"), including resolutions that have been approved

by the Board and am familiar with FirstEnergy's record-keeping systems relating to the information in the Declaration.  The attached records are maintained by FirstEnergy in the normal course of its regularly-conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with knowledge of the events.  It is FirstEnergy's practice to keep such records in the ordinary course of its regularly conducted business activity.

3. I have personal knowledge of the matters contained in this Declaration and have reviewed the business records of FirstEnergy prior to providing the information contained herein.

4. **Exhibit A** to this Declaration is a true and accurate copy the Board's Resolution creating the Special Litigation Committee and empowering it to take all actions it deems in the best interests of the Company and its shareholders in connection with, among other things, the present litigation.

5. The Board's Resolution is excerpted from the draft minutes of the June 29, 2021 Board of Directors Meeting ("Minutes").

6. The Minutes will be approved at the next Board meeting, but the resolution establishing the Special Litigation Committee was approved in this form and is memorialized therein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 16, 2021 in Sharon Center, Ohio.

/s/ Mary M. Swann  
Mary M. Swann

# Exhibit A

*Minutes Excerpt*
*June 29, 2021*

**Formation of Special Litigation Committee**

WHEREAS, on September 8, 2020, the Board formed a board committee composed solely of independent directors (the "Independent Review Committee") to conduct a further review of, and take further action, as appropriate, with respect to: any matters relating to a criminal complaint filed in the United States District Court for the Southern District of Ohio in a matter captioned *United States vs. Larry Householder, et al.*, Case No. 1:20-MJ-000525 (the "Criminal Action"); any related criminal and civil actions; and related internal and external investigations, including with respect to the Company's relationship with political action committees and social welfare organizations and practices and procedures related thereto;

WHEREAS, on December 15, 2020, the Board formed a board committee composed solely of independent directors (the "Demand Review Committee") to consider certain shareholder demands relating to matters arising from or relating to the Criminal Action, as well as any additional shareholder demands upon the Company with respect to the same or related matters (collectively, the "Demands"), and to advise and make such recommendations to the Board regarding such matters as the Demand Review Committee may deem advisable, appropriate, and in the best interests of the Company;

WHEREAS, beginning in late July 2020, several shareholder derivative actions were filed in Summit County Court of Common Pleas, consolidated and captioned *Gendrich v. Anderson, et al.*, No. CV-2020-07-2107, in the United States District Court for the Northern District of Ohio, captioned *Miller v. Anderson, et al.*, Case No. 5:20-cv-01743, and in the United States District Court for the Southern District of Ohio, consolidated and captioned *Employees' Retirement System of the City of St. Louis v. Jones, et al.*, Case No. 2:20-cv-04813 (individually, an "Action", or together, with any related shareholder derivative actions that may be filed hereafter, the "Actions");

WHEREAS, the plaintiffs in the Actions purported to sue on behalf of the Company and named as defendants certain current and former members of the Board and certain current and former officers and employees of the Company;

WHEREAS, the Company and the individual defendants filed motions to dismiss the complaints in each of the Actions, including on the basis that the plaintiffs in each Action failed to make a pre-suit demand on the Board and that failure was not excused as futile;

WHEREAS, on May 11, 2021, the court in the *St. Louis* Action denied the motion to dismiss the complaint filed by the Company and the individual defendants, finding (*inter alia*) with respect to the *St. Louis* Action that demand was excused as futile as to all the current members of the Board named as defendants in that matter and that the *St. Louis* Action would proceed (the "*St. Louis* Order");

WHEREAS, the Board has determined, in light of the *St. Louis* Order, that it is advisable, appropriate, and in the best interests of the Company and its shareholders that the Board create a litigation committee to, acting on behalf of the Company, investigate, review, and analyze the facts and circumstances surrounding the claims made in the Actions and the Demands; and

WHEREAS, in light of (a) the significant review, investigation, and related actions undertaken by the Independent Review Committee, (b) the formation of the Compliance

*Minutes Excerpt*
*June 29, 2021*

Oversight Sub-Committee formed by the Audit Committee at the direction of the Board for purposes of continued oversight and direction regarding the Company's compliance program, (c) the Board's determination to form a litigation committee, each of the Independent Review Committee and the Demand Review Committee has recommended its dissolution to the Board and the Board has determined that it is advisable, appropriate, and in the best interests of the Company and its shareholders that the Board dissolve the Independent Review Committee and the Demand Review Committee, effective as of the date of these resolutions;

NOW THEREFORE BE IT RESOLVED THAT, effective July 1, 2021, the Board hereby creates and appoints a litigation committee pursuant to Section 1701.63(A) of the Ohio Revised Code and the Company's Amended and Restated Code of Regulations (the "Regulations") (the "Special Litigation Committee");

FURTHER RESOLVED THAT, the Special Litigation Committee is authorized and empowered to investigate all matters related to the Actions and the Demands, to review and evaluate the findings of such investigations, and to analyze the facts and circumstances surrounding the claims made in the Actions and the Demands;

FURTHER RESOLVED THAT, the Special Litigation Committee shall take all actions as the Special Litigation Committee deems advisable, appropriate, and in the best interests of the Company and its shareholders with respect to the Actions and the Demands, including, without limitation, prosecution, control, and supervision of the Actions and the Demands for the Company;

FURTHER RESOLVED THAT, the determinations made by the Special Litigation Committee with respect to the matters delegated to it in these resolutions shall be final, shall not be subject to review by the Board, and shall in all respects be binding upon the Company and the Board;

FURTHER RESOLVED THAT, the Special Litigation Committee shall consist initially of Ms. Lisa Winston Hicks and Messrs. Paul Kaleta, Jesse A. Lynn and Melvin Williams, each of whom the Board has determined, following inquiry, (a) has no material relationship with the Company (other than as a director of the Company), either directly or as a partner, shareholder, or officer of an organization with such a relationship with the Company, (b) has the capacity to exercise independent judgment with respect to the matters under the purview of the Special Litigation Committee, including because such director was not a member of the Board until 2021, and (c) has no personal, family, or business relationships with any person who may be subject to the claims to be considered by the Special Litigation Committee;

FURTHER RESOLVED THAT, the Special Litigation Committee is authorized to have access to all information of the Company that the Special Litigation Committee determines to be necessary, desirable, or appropriate to assist it in its investigation, and that the current directors, former directors, officers, agents, employees, and advisors of the Company, and each of them, are hereby authorized and directed to assist the Special Litigation Committee and its counsel, and to provide them with any relevant information and documents that the Special Litigation Committee, in its sole discretion, may request in furtherance of its responsibilities;

FURTHER RESOLVED THAT, the Special Litigation Committee is hereby authorized and directed to engage such experts and advisers, including independent legal counsel, as the

*Minutes Excerpt*
*June 29, 2021*

Special Litigation Committee shall deem necessary or appropriate to assist it in the discharge of its responsibilities;

FURTHER RESOLVED THAT, the Special Litigation Committee is hereby authorized and empowered to enter into (or direct the Company to enter into) such contracts providing for the retention, compensation, reimbursement of expenses, and indemnification of such legal counsel, experts, and agents as the Special Litigation Committee may deem necessary or appropriate; and that the Company is hereby authorized and directed to pay all fees, expenses, and disbursements of such legal counsel, experts, and agents on presentation of statements approved by the Special Litigation Committee; and that the Company shall pay all fees, expenses, and disbursements of such legal counsel, experts, and agents and shall honor all other obligations of the Company under such contracts; and any such contract entered into by the Special Litigation Committee is hereby approved, adopted, confirmed, and ratified, and, to the extent necessary or advisable, the officers of the Company are hereby authorized and directed to execute any such contract for and on behalf of the Company, and the execution thereby by any such officer shall constitute approval thereof by the Board and shall represent the Company's acknowledgment and acceptance of the terms thereof;

FURTHER RESOLVED THAT, the Special Litigation Committee is hereby authorized and empowered to determine its own procedures to the fullest extent permitted by applicable law and the Regulations, and in each case subject to these resolutions and the Company's Corporate Governance Policies;

FURTHER RESOLVED THAT, the Special Litigation Committee shall continue in existence until such time as the Special Litigation Committee shall recommend its dissolution to the Board;

FURTHER RESOLVED THAT, in accordance with Section 1701.13 of the Ohio Revised Code, each member of the Special Litigation Committee hereby is and shall be fully indemnified and held harmless by the Company and its successors and assigns to the fullest extent permitted by any applicable law, the Company's Amended and Restated Articles of Incorporation, and the Regulations, it being understood that this resolution is not intended to limit any otherwise existing rights to, or obligations of the Company regarding, the indemnification of and payment of expenses for (a) the members of the Special Litigation Committee, including pursuant to agreements between such members and the Company or (b) any other persons;

FURTHER RESOLVED THAT the Special Litigation Committee shall (a) consult promptly with its legal counsel, once retained, and may consult with any other advisors that the Special Litigation Committee may deem necessary or appropriate to assist it in the discharge of its responsibilities, including as to its compensation, (b) submit to the Board, based on input from its advisors, a recommendation for reasonable compensation to be paid to the members of the Special Litigation Committee in respect of the substantial time that will be required of them in connection with their responsibilities set forth in these resolutions, which recommendation shall be binding on the Board, and which amounts shall (i) be non-refundable, (ii) not be conditioned on the outcome of the Special Litigation Committee's investigation or otherwise on any action or omission of the Special Litigation Committee, and (iii) be no less than any compensation to other committees of the Board of similar or comparable duties, burdens, or time commitment (and which may, for the avoidance of doubt,

*Minutes Excerpt*
*June 29, 2021*

be greater than such precedent compensation in light of the significant duties, burdens, and time commitment required of members of the Special Litigation Committee), and (c) reimburse its members for all out-of-pocket expenses incurred by any member in connection with his or her service as a member of the Special Litigation Committee, consistent with the expense reimbursement policies of the Company as in effect from time to time;

FURTHER RESOLVED THAT, the Independent Review Committee and the Demand Review Committee are hereby dissolved; and

FURTHER RESOLVED THAT, all actions heretofore taken by the officers and directors of the Company, or any of them, with respect to and in contemplation of the actions and matters authorized by any of the foregoing resolutions, are hereby authorized, approved, ratified and confirmed for all purposes.