IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMPLOYEES RETIREMENT SYSTEM OF THE CITY OF ST. LOUIS, et al., | ) ) ) | CASE NO. 2:20-CV-04813 |
| | ) | CHIEF JUDGE ALGENON L. MARBLEY |
| Plaintiffs, | ) ) | |
| | ) | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| v. | ) ) ) | |
| CHARLES E. JONES, et al., | ) ) | **NOTICE OF APPEAL** |
| Defendants. and | ) ) ) | |
| FIRSTENERGY CORP. | ) ) ) | |
| Nominal Defendant. | ) | |

NOTICE is hereby given that the Special Litigation Committee ("SLC") of the nominal Defendant FirstEnergy Corp. (the "Company") appeals to the United States Court of Appeals for the Sixth Circuit the Order of the Honorable Algenon L. Marbley, Chief Judge of the United States District Court for the Southern District of Ohio, entered on October 20, 2021 denying the SLC's Motion to Stay Litigation, ECF #142 (the "Order"), which was requested to allow the SLC, acting on behalf of the Company, to conduct an independent investigation and exercise the Company's right under Ohio law to control the decision whether and under what circumstances to assert claims on its own behalf.

The SLC seeks interlocutory appeal of the Order pursuant to 28 U.S.C. § 1291 under the collateral order doctrine. *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867–68 (1994). The claims that derivative Plaintiffs purport to assert here (the "Claims") belong to the Company, not to the derivative Plaintiffs themselves, and under clear Ohio law, the Company, acting by and through the SLC, is entitled to decide whether pursuit of the Claims is in the Company's best interests. *See, e.g.*, *Drage v. Procter & Gamble*, 119 Ohio App. 19, 24 (Ohio Ct. App. 1997); *Holmstrom v. Coastal Indus., Inc.*, 645 F. Supp. 963, 964 (N.D. Ohio 1983). To exercise its rights regarding the Claims, the Company formed the SLC, made up of independent and disinterested directors appointed after the alleged wrongdoing, to make decisions regarding the Claims on behalf of the Company. The SLC promptly moved to stay this action, as Ohio law expressly contemplates, to permit it a reasonable time period to assess whether pursuit of derivative claims would serve the Company's best interest. *Miller v. Bargaheiser*, 70 Ohio App. 3d 702, 706–07 (Ohio App. Ct. 1990). The Order does not find that the SLC members lack independence or are otherwise unable to exercise their independent judgment in the best interest of the Company, and in fact recognizes that the SLC was created after the Company had identified new independent board members. Moreover, the Order recognizes that Ohio law provides that stays are typically granted to SLCs. Yet, the Order denies the Company its rights based on a view that the SLC was formed too late, that there have been previous stays in the case before the formation of the SLC, and that discovery has proceeded related cases, including distinct criminal cases, notwithstanding the SLC's immediate appeal of stay in the Northern District and that no Ohio court has ever denied a stay where, as here, discovery has not yet even commenced. *Cf. In re BigLots Inc., S'holder Litig.*, 2017 WL 2215461 at *1 (S.D. Ohio May 19,

2017) (granting a four-month stay even when the SLC was formed years after discovery commenced).

As a direct consequence of the Order, Claims that belong to the Company — and that the SLC is empowered by Ohio law to control — now have two competing masters.  The pursuit of the Claims by derivative Plaintiffs before the SLC determines whether such action is in the best interest of the Company risks harm to the interests of the Company and its stockholders and will impose needless costs, burdens, and disorder.

The Order is wholly separable from and collateral to the merits of the underlying Claims, and meaningful appellate review of the Order at the end of litigation is impossible because the Order allows derivative Plaintiffs to make litigation decisions on behalf of the Company before the SLC is able to exercise its rights to determine the proper course of this litigation.  *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

The SLC does not seek appellate review to cause delay and will seek an expedited briefing schedule to ensure prompt resolution of the issues presented.

Dated: October 22, 2021                               Respectfully Submitted,

*/s/ Kathleen A. Nitschke*
Kerin Lyn Kaminski (0013522)
Kathleen A. Nitschke (0073397)
GIFFEN & KAMINSKI, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile:  216-621-2399
E-Mail:    kkaminski@thinkgk.com
                  knitschke@thinkgk.com
**Counsel for the Special Litigation Committee of the Board of Directors of Nominal Defendant FirstEnergy Corp.**

        John Gleeson (Admitted Pro Hac Vice)
        Maeve O'Connor (Admitted Pro Hac Vice)
        Susan Gittes (Admitted Pro Hac Vice)
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, New York 10022
        Telephone:  212-909-6000
        Facsimile:  212-909-6836
        E-Mail:    jgleeson@debevoise.com
                        mloconnor@debevoise.com
                        srgittes@debevoise.com

***Counsel for the Special Litigation Committee of the Board of Directors of Nominal Defendant FirstEnergy Corp.***

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2021 a copy of the foregoing *Notice of Appeal* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt. Parties and their counsel may access this filing through the Court's system.

*/s/ Kathleen A. Nitschke*
Kathleen A. Nitschke (0073397)
**Counsel for the Special Litigation Committee
of the Board of Directors of Nominal Defendant
FirstEnergy Corp.**
