**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: December 16, 2021

Mr. John C. Camillus
Law Offices
P.O. Box 141410
Columbus, OH 43214

Mr. John Gleeson
Debevoise & Plimpton
919 Third Avenue
New York, NY 10022

Mr. Jeroen Van Kwawegen
Bernstein, Litowitz, Berger & Grossmann
1251 Avenue of the Americas, 44th Floor
New York, NY 10020

Re: Case No. 21-3993/21-4041, *Empls Ret Sys of St. Louis, et al v. Charles Jones, et al*
Originating Case No. : 2:20-cv-04813

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Julie Anne Connor
Case Manager
Direct Dial No. 513-564-7033

cc: Ms. Molly Judith Bowen
Mr. Thomas Curry
Ms. Kerin Lyn Kaminski
Mr. David P. Meyer
Ms. Amy R. Miller
Mr. Richard W. Nagel
Ms. Kathleen A. Nitschke
Ms. Maeve O'Connor
Ms. Alla Zayenchik

Enclosure

No mandate to issue

Nos. 21-3993/4041

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| EMPLOYEES RETIREMENT SYSTEM OF THE CITY OF ST. LOUIS, Derivatively on behalf of FirstEnergy Corp., et al. (21-3993), | )<br>)<br>) |
| Plaintiffs-Appellees, | ) |
| v. | ) |
| CHARLES E. JONES, et al., | ) |
| Defendants, | ) |
| and | ) |
| FIRSTENERGY CORP., | ) |
| Defendant-Appellant. | ) |
| In re: FIRSTENERGY CORP. (21-4041), | ) |
| Petitioner. | ) |

**FILED**
Dec 16, 2021
DEBORAH S. HUNT, Clerk

O R D E R

Before: SILER, CLAY, and McKEAGUE, Circuit Judges.

The Special Litigation Committee ("SLC") of nominal Defendant FirstEnergy Corporation ("FirstEnergy") appeals the district court's October 20, 2021 order denying the SLC's motion to stay proceedings for six months to allow it to assess potential claims in this consolidated shareholder derivative action. *Emps. Ret. Sys. of St. Louis v. Jones*, No. 2:20-cv-4813, 2021 WL

4894833 (S.D. Ohio Oct. 20, 2021).  Plaintiffs, institutional shareholders of FirstEnergy,* move to dismiss the appeal for lack of jurisdiction as taken from a non-appealable interlocutory order.  The SLC petitions, in the alternative, for a writ of mandamus directing the district court to issue a six-month stay of proceedings.  In its motions "to expedite, consolidate, and stay," filed in both the appeal and the mandamus action, the SLC also moves for expedited consideration, to consolidate these and other related appeals, and to stay the district court's proceedings pending appeal.  The institutional shareholders do not oppose consolidation but oppose the requests to expedite and stay pending appeal.  The SLC replies.

      Generally, we have jurisdiction over only final orders that terminate all of the issues presented in the litigation on the merits and leave nothing for the court to do except execute or enforce the judgment.  See 28 U.S.C. § 1291; *Catlin v. United States*, 324 U.S. 229, 233 (1945).  Certain interlocutory orders are also immediately appealable, albeit some only if certified.  See 28 U.S.C. § 1292(a)(1), (b); Fed. R. Civ. P. 54(b).  Otherwise, we lack jurisdiction over an interlocutory appeal.  See *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026−27 (6th Cir. 1994); *Wiltse v. Clarkson*, 542 F.2d 363, 364 (6th Cir. 1976) (order).

      An interlocutory order denying a stay of a district court's own proceedings is generally not appealable under § 1292(a)(1).  See *Swanson v. DeSantis*, 606 F.3d 829, 832–34 (6th Cir. 2010).  The SLC argues, however, that the district court's order is reviewable under the collateral order doctrine, pursuant to which certain collateral rulings are deemed final for purposes of § 1291.  See *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).  "That small category includes only decisions that are conclusive,

---

* Plaintiffs also include individual shareholders who do not expressly join the institutional shareholders' motion.

that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Mohawk Indus.*, 558 U.S. at 106 (citation omitted).

To the extent that the SLC sought to stay discovery, "discovery orders are generally not appealable under the collateral order doctrine." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 472 (6th Cir. 2006). To the extent that the SLC sought to stay the litigation itself, the denial of a motion to stay is also generally not appealable under the collateral order doctrine. *See* 15A Wright, Miller & Cooper, Federal Practice and Procedure § 3914.13 (2d ed.) (collecting authority). "In special circumstances, however, denial of a stay may be appealed under collateral order doctrine if there is a reasonable argument that a stay is required as a matter of statutory right rather than as a matter of discretion." *Id.* (footnote omitted) (citing *Praxis Props., Inc. v. Colonial Sav. Bank*, 947 F.2d 49, 53–61 (3d Cir. 1991)).

The SLC is unable to point to a statutory right to the requested stay of proceedings. The Private Securities Litigation Reform Act provides for a mandatory stay of discovery pending the disposition of a motion to dismiss in a private securities action. 15 U.S.C. § 78u–4(b)(3)(B); *see In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 543–44 (N.D. Ohio 2004). This provision does not apply here, however, because the SLC moved for a stay after dismissal was denied. Rather, as the district court explained, an SLC's motion to stay proceedings in a derivative action should generally be granted, but this decision is left to the discretion of the trial court. *See Emps. Ret. Sys. of St. Louis v. Jones*, 2021 WL 4894833, at *1–2 (collecting authority); *see also, e.g.*, *In re Big Lots, Inc. S'holder Litig.*, No. 2:12-cv-445, 2017 WL 2215461, at *5–6 (S.D. Ohio May 19, 2017) ("[D]iscovery should be stayed '[i]n the absence of special circumstances[.]'" (second and third alterations in original) (quoting 2 Principles of Corp. Governance § 7.06 (1994))). Although

the SLC identifies Ohio authority holding that courts should defer to the business decisions of an SLC, this authority falls short of defining an entitlement to a stay of proceedings. *See, e.g.*, *Miller v. Bargaheiser*, 591 N.E.2d 1339, 1342–43 (Ohio Ct. App. 1990) (stating that Ohio Revised Code § 1702.30(B) "reflects the legislative intent that corporations should be permitted to manage themselves without interference from the courts"). The SLC thus has not shown that the collateral order doctrine permits review here.

The SLC seeks, in the alternative, a writ of mandamus directing the district court to issue a six-month stay of proceedings. The writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (citation omitted). "As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue." *Id.* (internal quotation marks and citations omitted). "First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief [it] desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Id.* at 380–81 (alteration in original) (internal quotation marks and citations omitted). "Second, the petitioner must satisfy the burden of showing that [its] right to issuance of the writ is clear and indisputable." *Id.* at 381 (alteration in original) (internal quotation marks and citation omitted). "Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* (citation omitted).

Even assuming that the SLC lacks other adequate means to obtain the requested stay of proceedings, its petition fails to satisfy the second prerequisite for mandamus relief. As discussed above, an SLC's motion to stay proceedings in a derivative action should generally be granted, but this decision is left to the discretion of the trial court. In this case, the district court denied a stay

based on three considerations:  First, the district court found that there were indications of delay in the SLC's formation, explaining that FirstEnergy formed the SLC nearly a year after the member cases in this consolidated action were filed and offered no reasonable explanation for this delay. *Emps. Ret. Sys.*, 2021 WL 4894833, at *2–3 (citations omitted); *see also Miller v. Anderson*, No. 5:20CV1743, 2021 WL 4220780, at *1 (N.D. Ohio Sept. 16, 2021) (denying a stay based on a finding that FirstEnergy offered no compelling justification for its delayed formation of the SLC). The district court noted that "FirstEnergy spent those months allowing Defendants to investigate themselves under the auspices of an Independent Review Committee," and found that it "cannot have thought this committee to be a valid substitute for an SLC, which must be independent and disinterested." *Emps. Ret. Sys.*, 2021 WL 4894833, at *3.  Second, the district court found that multiple stays had already been granted and that, "[t]aken together, FirstEnergy has received an eight-month stay of discovery—suggesting that that the six months they now seek would be 'a mere artifice for delay.'" *Id.* at *4 (quoting *Grafman v. Century Broad. Corp.*, 743 F. Supp. 544, 548 (N.D. Ill. July 3, 1990)).  Finally, the district court acknowledged that discovery had already commenced in parallel proceedings.  *Id.* (citing, *e.g.*, *Miller*, 2021 WL 4220780, at *1).  The district court explained:  "Simultaneous discovery has begun—just not under this caption—and will continue with or without a stay." *Id.*  Although the SLC insists otherwise, its right to a stay is not "clear and indisputable" for substantially the reasons cited by the district court.  *Cheney*, 542 U.S. at 381; *see Emps. Ret. Sys.*, 2021 WL 4894833, at *2–4; *see also Miller*, 2021 WL 4220780, at *1.

Nos. 21-3993/4041
-6-

Accordingly, the motion to dismiss for lack of jurisdiction in No. 21-3993 is **GRANTED**, the petition for a writ of mandamus in No. 21-4041 is **DENIED**, and the motions to expedite, consolidate, and stay pending appeal in Nos. 21-3993 and 21-4041 are **DENIED AS MOOT**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk