IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMPLOYEES RETIREMENT SYSTEM OF THE CITY OF ST. LOUIS, *et al.*, | : : : |
| Plaintiffs, | : Case No. 2:20-cv-4813 : |
| v. | : Chief Judge Algenon L. Marbley : |
| | : Magistrate Judge Kimberly A. Jolson |
| CHARLES E. JONES, *et al.*, | : : |
| Defendants, | : : |
| FIRSTENERGY CORP., | : : |
| Nominal Defendant. | : |

## ORDER OF PRELIMINARY SETTLEMENT APPROVAL

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Settlement Approval (ECF No. 170). Plaintiffs' Motion is **GRANTED** with the modification noted below.

### I. BACKGROUND OF PROPOSED SETTLEMENT

According to the Consolidated Complaint, this shareholder derivative action seeks to hold current and former FirstEnergy Directors and Officers accountable for their roles in orchestrating a large bribery, racketeering, and pay-to-play scheme with Ohio politicians, at substantial cost to the Company's long-term interests. (ECF No. 75 ¶¶ 1–14). The Complaint asserts a federal cause of action for violation of Section 14(a) of the Securities Exchange Act of 1934 and Rule 14a-9 thereunder, as well as state law claims for breach of fiduciary duty, unjust enrichment, corporate waste, and contribution and indemnification. On May 11, 2021, the Court found that Plaintiffs' allegations pass muster and denied Defendants' motion to dismiss. (ECF No. 93).

There are two other shareholder derivative actions pending against FirstEnergy in relation to the alleged bribery scandal. One is in the Northern District of Ohio under the caption *Miller v.*

-1-

*Anderson*, Case No. 5:20-cv-1743-JRA (the "Northern District Action"); and the other is in the Summit County Court of Common Pleas under the caption *In re FirstEnergy Corp., Stockholder Derivative Litigation*, Case No. CV-2020-07-2107 (the "Ohio State Court Action").[1]

All parties in all shareholder derivative cases, as well as the Special Litigation Committee of FirstEnergy's Board of Directors, have entered into a Stipulation and Agreement of Settlement (the "Stipulation"), dated March 11, 2022. (ECF No. 170-3). The Stipulation sets forth the terms and conditions of a proposed global settlement of the shareholder derivative cases, subject to the Court's review and approval.

The proposed settlement resulted from a lengthy mediation before retired United States District Judge Layn R. Phillips. (ECF No. 170 at 10). Under the proposed terms, FirstEnergy will obtain a $180 million recovery funded by the Company's insurers —which Plaintiffs represent is "among the largest derivative recoveries ever achieved" in the United States and "three times greater than any prior derivative recovery in the history of the Sixth Circuit." (*Id.* at 2, 12). Moreover, FirstEnergy will commit to a series of internal governance reforms, crafted with the assistance of Columbia Law Professor and corporate governance expert Jeffrey Gordon. (*Id.* at 2). Those reforms include the departure of six Directors, active Board oversight of FirstEnergy's political spending and lobbying activities, and specific disclosures in the annual proxy statements issued to shareholders. (*Id.* at 12). Professor Gordon states the governance reforms "will significantly improve shareholder welfare at FirstEnergy" by giving "assurance . . . against a recurrence of the conduct" that precipitated this case. (ECF No. 170-5 ¶ 22). These settlement terms now stand before the Court for preliminary approval.

---

[1] For clarity, these shareholder derivative actions are wholly distinct from other litigation involving FirstEnergy—including the class action for securities fraud captioned *In re FirstEnergy Corp. Securities Litigation*, Case No. 2:20-cv-3785, which also is pending before this Court.

## II. APPLICABLE STANDARD

Under Federal Rule of Civil Procedure 23.1(c), court approval and shareholder notice are required for the settlement of any derivative case. The typical approval process tracks that of a class action settlement, which entails: "1) preliminary approval of the proposed settlement at an informal hearing; 2) dissemination of mailed and/or published notice to all affected class members; and 3) a formal fairness hearing at which interested parties may comment on the proposed settlement." *Brent v. Midland Funding, LLC*, 2011 WL 3862363, at *12 (N.D. Ohio Sept. 1, 2011) (citing *Williams v. Vukovich*, 720 F.3d 909, 920–21 (6th Cir. 1983)); *see also In re: Regions Morgan Keegan Sec.*, 2015 WL 11145134, at *2 (W.D. Tenn. Nov. 30, 2015) ("The procedure for approving settlements in derivative actions is the same as class actions.").

At the preliminary approval stage, "the Court decides whether notice of the proposed settlement would be appropriate, but makes no final determination about the settlement's fairness." *Id.* at *4. "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval, then the Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1015–16 (S.D. Ohio 2001) (quoting *Manual for Complex Litig.* § 30.44 (2d ed. 1985)). The court "is not obligated to, nor could it reasonably, undertake a full and complete fairness review" at the preliminary approval stage; that analysis occurs on final approval. *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001).

In the Sixth Circuit, "[s]ettlements are welcome" in shareholder derivative cases, especially, "because litigation is 'notoriously difficult and unpredictable.'" *Granada Invs., Inc. v.*

*DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992) (quoting *Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983)). "Absent evidence of fraud or collusion, such settlements are not to be trifled with." *Id.* (citing *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989)).

### III. PRELIMINARY FINDINGS AND CONCLUSIONS

The Court has reviewed and considered the Stipulation and all its exhibits, including the proposed notices and proposed final judgment. (ECF No. 170-3). From that review, the Court determines that the proposed settlement meets the standard articulated above and that preliminary approval is warranted.

First, the proposed settlement was reached through serious arms-length negotiation, facilitated by a reputable independent mediator. The negotiations followed a contested motion to dismiss and a voluminous exchange of document discovery. On these facts, "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations"—at least on preliminary review. *Telectronics*, 137 F. Supp. 2d at 1015–16 (internal quotation marks omitted); *see also Bert v. AK Steel Corp.*, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008) ("The participation of an independent mediator in settlement negotiations virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties.").

Second, the proposed settlement represents a substantial (though not complete) recovery for FirstEnergy, the real party at interest. The monetary component, at $180 million, measures favorably against other shareholder derivative settlements and would have a significant effect on the Company's financial position. Moreover, the Company's insurance policies, which are the main source of recoverable assets, are being eroded by legal costs as this derivative action continues, meaning the ultimate recovery might be higher now than at the end of a case tried to verdict. Added value is found in the corporate governance reforms, which aim to prevent future

improprieties in the Company's political activity and forestall potential liabilities and harms therefrom. By demonstrating a commitment to transparency and oversight, the reforms also would begin to repair FirstEnergy's non-pecuniary reputational damages. Furthermore, the Court recognizes that certainty and finality are beneficial to FirstEnergy, whereas continued litigation entails inherent uncertainties that could weigh on the Company for years. Thus, the proposed settlement terms "fall[] with the range of possible approval," pending fuller analysis at the fairness hearing. *Telectronics*, 137 F. Supp. 2d at 1015–16 (internal quotation marks omitted).

In one respect, the Court will deviate from the parties' requested approval. The parties seek "a customary prosecution bar enjoining Plaintiffs, FirstEnergy, or anyone else from commencing or prosecuting any other action asserting any of the claims alleged in this Action—including the Northern District Action and the State Court Action—pending this Court's determination as to whether final approval should be granted." (ECF No. 170 at 26). However, the parties do not identify the authority by which this Court could stay related cases in co-equal courts of competent jurisdiction. Nor is it an obvious proposition, in this unique posture. Therefore, the prosecution bar will apply only to this case and to others not yet commenced; it will not extend to the pending Northern District and State Court Actions. If the parties wish to stay the other active cases, they may move in those respective courts. Alternatively, they may file a motion to alter or amend this Order, identifying the specific authority by which one court might enter a global prosecution bar over the objections of another court.

In summary, preliminary approval is appropriate, and it is so granted. The proposed settlement resulted from serious mediation, and its terms contain no facial defects that would foreclose approval. This is enough for the parties to commence shareholder notice and advance to a fairness hearing. Of course, preliminary approval "is only the first step in an extensive and

searching judicial process, which may or may not result in final approval of a settlement in this matter." *Inter-Op*, 204 F.R.D. at 337. Any findings on whether the proposed settlement is in fact fair, reasonable, and adequate are reserved until the fairness hearing, where the Court will conduct further inquiry informed by shareholders' perspectives.

### IV. ORDER OF PRELIMINARY APPROVAL

Having found that sufficient grounds exist for entering this preliminary approval, the Court hereby **ORDERS** as follows:

1. The Court preliminarily approves the Settlement on the terms set forth in the Stipulation,[2] subject to further consideration at a hearing to be held before the Court on **Thursday, July 21, 2022, at 9:00 a.m.**, in Courtroom 1, Room 331, of the United States District Court for the Southern District of Ohio, 85 Marconi Boulevard, Columbus, Ohio 43215 (the "Settlement Fairness Hearing"), to, among other things: (i) determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether the Judgment, substantially in the form attached as Exhibit F to the Stipulation, should be entered dismissing the Southern District Action with prejudice, and settling and releasing, and barring and enjoining the commencement or prosecution of any action asserting, any and all Released Plaintiffs' Claims against the Released Defendants' Persons, as set forth in the Stipulation; (iii) determine whether the application for a Fee and Expense Award to Plaintiffs' Counsel should be approved; and (iv) rule on such other matters as the Court may deem appropriate.

2. The Court expressly reserves the right to adjourn the Settlement Fairness Hearing without any further notice other than an announcement at the Settlement Fairness Hearing. The

---

[2] This Order incorporates by reference the definitions in the Stipulation and, unless otherwise defined in this Order, all capitalized terms used in this Order shall have the same meaning as set forth in the Stipulation.

Court may decide to hold the Settlement Fairness Hearing by telephone or video conference without notice to the FirstEnergy stockholders. If the Court later orders that the Settlement Fairness Hearing be conducted telephonically or by video conference, that decision will be posted on the "Investor Relations" portion of FirstEnergy's website. Any Current FirstEnergy Stockholder (or his, her, or its counsel) who wishes to appear at the Settlement Fairness Hearing should consult the Court's docket and the "Investor Relations" portion of FirstEnergy's website for any change in date, time, or format of the Settlement Fairness Hearing.

3. The Court expressly reserves the right to approve the Settlement with such modification(s) as may be consented to by the Settling Parties, or without modification, and with or without further notice of any kind to FirstEnergy stockholders. The Court reserves the right to enter its Judgment approving the Settlement and dismissing the Released Plaintiffs' Claims as against the Released Defendants' Persons regardless of whether the Court has awarded the Fee and Expense Award.

4. The Court approves the form, content, and requirements of the Notice, attached to the Stipulation as Exhibit D, and the Summary Notice, attached to the Stipulation as Exhibit E, and finds that the dissemination of the Notice and publication of the Summary Notice, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules, and constitutes due and sufficient notice of all matters relating to the Settlement.

5. By no later than five (5) business days after the date of entry of this Preliminary Approval Order, the Company (or its successor-in-interest) shall cause: (a) the filing with the SEC of a Current Report on Form 8-K, attaching the Notice, substantially in the form attached as Exhibit D to the Stipulation, and the Stipulation; (b) the publication of the Summary Notice, substantially

in the form attached as Exhibit E to the Stipulation, once in the *Wall Street Journal*, *Investor's Business Daily*, or similar publication; and (c) the posting of the Notice and the Stipulation on the "Investor Relations" portion of the Company's website, which documents shall remain posted thereto through the Effective Date of the Settlement. The Company shall pay or cause to be paid any and all Notice Costs regardless of the form or manner of notice ordered by the Court and regardless of whether the Court approves the Settlement or the Effective Date of the Settlement otherwise fails to occur, and in no event shall Defendants, Plaintiffs, or their respective attorneys be responsible for any such costs or expenses.

6. By no later than twenty-one (21) calendar days before the Settlement Fairness Hearing, counsel for the SLC on behalf of the Company shall file with the Court an appropriate proof of compliance with the notice procedures set forth in this Order.

7. Any person or entity who owns shares of FirstEnergy common stock as of the close of business on the date of the Stipulation ("Current FirstEnergy Stockholder") and who continues to own shares of FirstEnergy common stock through the date of the Settlement Fairness Hearing may appear at the Settlement Fairness Hearing to show cause why the proposed Settlement should not be approved; why the Judgment should not be entered thereon; or why the application for an award of attorneys' fees and expenses to Plaintiffs' Counsel and service awards to Plaintiffs should not be granted; provided, however, that no such person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Judgment to be entered approving the same, or the application for an award of attorneys' fees and expenses to Plaintiffs' Counsel and service awards to Plaintiffs, unless such person has filed with the Clerk of the United States District Court for the Southern District of Ohio, 85 Marconi Boulevard, Columbus, Ohio 43215, and delivered (by hand, first-class mail, or express service) to counsel at the addresses

stated below, a written, signed objection that: (i) identifies the case name and case number for the Southern District Action, *Employees Retirement System of the City of St. Louis, et al. v. Jones, et al.*, Case No. 2:20-cv-4813-ALM-KAJ; (ii) states the objector's name, address, and telephone number, and if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (iii) contains a representation as to whether the objector and/or his, her, or its counsel intends to appear at the Settlement Fairness Hearing; (iv) contains a statement of the objection(s) to any matters before the Court, the grounds for the objection(s) or the reasons for the objector's desiring to appear and be heard, as well as all documents or writings the objector desires the Court to consider, including any legal and evidentiary support; (v) if the objector has indicated that he, she, or it intends to appear at the Settlement Fairness Hearing, identifies any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the Settlement Fairness Hearing; and (vi) includes documentation sufficient to prove that the objector owned shares of FirstEnergy common stock as of the close of business on the date of the Stipulation, together with a statement that the objector continues to hold shares of FirstEnergy common stock on the date of filing of the objection and will continue to hold shares of FirstEnergy common stock as of the date of the Settlement Fairness Hearing. Any such objection must be filed with the Court no later than fourteen (14) calendar days prior to the Settlement Fairness Hearing and delivered to each of the below-noted counsel such that it is received no later than fourteen (14) calendar days prior to the Settlement Fairness Hearing.

### Co-Lead Counsel for the Southern District Plaintiffs

Jeroen van Kwawegen
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020

*- and -*

Thomas Curry
Saxena White P.A.
1000 N. West Street, Suite 1200
Wilmington, DE 19801

**Representative Counsel for Defendants**

Geoffrey J. Ritts
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114

**Counsel for the SLC and FirstEnergy**

Maeve O'Connor
Debevoise & Plimpton, LLP
919 Third Avenue
New York, New York 10022

8. Any person or entity who fails to object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, the Judgment to be entered approving the Settlement, or the application for an award of attorneys' fees and expenses to Plaintiffs' Counsel and service awards to Plaintiffs, in the Southern District Action or in any other action or proceeding in any court or tribunal.

9. The contents of the Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be transferred or disbursed from the Settlement Fund pursuant to the Stipulation and/or further order(s) of the Court.

10. Co-Lead Counsel for the Southern District Plaintiffs is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect

thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

11. Plaintiffs shall file and serve papers in support of final approval of the proposed Settlement and in support of their application for the Fee and Expense Award by no later than twenty-eight (28) calendar days prior to the Settlement Fairness Hearing. If reply papers are necessary, they are to be filed and served by no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

12. In the event the Settlement is terminated or the Effective Date does not occur for any reason, then: (i) the Settlement and the relevant portions of the Stipulation shall be canceled; (ii) the Settling Parties shall revert to their respective litigation positions in the Actions as of immediately prior to the execution of the Term Sheet on February 9, 2022; and (iii) the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Actions or in any other proceeding for any purpose, and the Settling Parties shall proceed in all respects as if the Stipulation had not been entered.

13. Pursuant to the Court's Order dated February 11, 2022, all pleading deadlines, discovery, and other proceedings in the Southern District Action (except as may be necessary to carry out the terms and conditions of the proposed Settlement) have been stayed and suspended until further order of the Court.

14. The Court retains exclusive jurisdiction over the Southern District Action to consider all further matters arising out of or related to the Settlement.

15. Pending the Court's determination as to final approval of the Settlement, Plaintiffs, FirstEnergy, FirstEnergy stockholders, and anyone acting or purporting to act on behalf of FirstEnergy are hereby barred and enjoined from commencing or prosecuting any action asserting

-12-

any of the claims alleged in the Southern District Action against any of the Defendants in any court or tribunal; *provided*, this prosecution bar shall not extend to the Northern District Action, nor to the State Court Action, unless those courts agree to stay their respective cases; *and further provided*, all forms and notices approved herein shall be updated as necessary to reflect the accurate scope of this prosecution bar.

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: May 9, 2022**